Frank Holahan
Nancy A. Del Pizzo
RIVKIN RADLER LLP
25 Main Street, Court Plaza South,
West Wing, Ste. 158
Hackensack, New Jersey 07601
P: (201) 287-2460
F: (201) 489-0495

OF COUNSEL:
Lauren A. Deeb
(*pro hac vice* application forthcoming)
Farah P. Bhatti
(*pro hac vice* application forthcoming)
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California  92612-0514
P: (949) 760-1121
F: (949) 720-0182

*Attorneys for Plaintiff,*
*Panda Restaurant Group, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANDA RESTAURANT GROUP, INC., <br><br>            Plaintiff, <br><br>      v. <br><br> PANDA CHINESE & JAPANESE RESTAURANT, LLC, SAM YANG, individually, and ABC CORPS. 1-100, related entities whose names are unknown, <br><br>            Defendants. | Civil Action No.: <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Panda Restaurant Group, Inc. ("PANDA" or "Plaintiff"), with an address at 1683 Walnut Grove Ave., Rosemead, California 91770, by and through its undersigned attorneys, for its complaint against defendant, Panda Chinese & Japanese Restaurant, LLC, Sam

Yang ("Mr. Yang"), individually, and ABC CORPS. 1-100, related entities whose names are unknown (together, "PAC" or "Defendants"), with an address at 236 Ridgedale Ave., Cedar Knolls, New Jersey 07927 and 529 Morris Avenue, Summit, New Jersey 07901, alleges as follows:

## NATURE OF ACTION

1.     This is an action for trademark infringement, false designation of origin, trademark dilution and common law and statutory unfair competition arising from Defendants' wrongful use in commerce of the infringing marks PANDA CHINESE, JAPANESE & THAI RESTAURANT and PANDA ASIAN CUISINE for its restaurants offering Chinese cuisine, which wrongful acts were done under the authorization or direction of Mr. Yang. Plaintiff has been using the trademark PANDA and PANDA formative marks since 1973, and has 16 applicable federal registrations dating back to 1988.  Defendants were served with and ignored Plaintiff's cease and desist letters, and are therefore, willfully and intentionally infringing Plaintiff's long-held federal trademarks, among other wrongs, as set forth below.

## JURISDICTION AND VENUE

2.     This action arises under the trademark laws of the United States.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §1121(a).

3.     This Court has supplemental jurisdiction over any claims herein arising under the laws of the State of New Jersey pursuant to 28 U.S.C. §§1338(b) and 1367 because the claims are so related to PANDA's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is properly asserted against PAC, a New Jersey limited liability corporation, in this District under 28 U.S.C. §1391(b), in that PAC resides in this judicial

district and a substantial part of the events or omissions giving rise to the claims herein arose in this district.

## PARTIES

5.      PANDA is a corporation organized and existing under the laws of California and has a principal place of business at 1683 Walnut Grove Ave., Rosemead, California 91770. PANDA is now, and for many years has been engaged in the food service and restaurant business throughout the United States and the world.

6.      PANDA is informed and believes, and based thereon alleges, that Defendant Panda Chinese & Japanese Restaurant, LLC is a New Jersey limited liability corporation conducting business at 236 Ridgedale Ave., Cedar Knolls, New Jersey 07927 and 529 Morris Avenue, Summit, New Jersey 07901.  PANDA is informed and believes Defendants operate a restaurant offering Chinese cuisine at these locations under the names "PANDA CHINESE, JAPANESE & THAI RESTAURANT" and "PANDA ASIAN CUISINE" and featuring a logo, and are authorized and directed to use these names by Mr. Yang, a principal of the defendant limited liability company.

7.      PANDA owns all intellectual property related to PANDA restaurants, a well-known restaurant chain based in Rosemead, California with more than 1,900 locations in the U.S. and worldwide, including several locations in New Jersey.  PANDA owns several PANDA formative marks including, but not limited to, the trademarks PANDA, PANDA INN, and PANDA EXPRESS, as detailed herein, in connection with restaurants specializing in Chinese cuisine.  PANDA began use of the PANDA and PANDA formative trademarks in connection with restaurants in 1973.  PANDA advertises, markets and promotes its services under several federally registered trademarks.

8.      Through extensive and continuous use, PANDA owns numerous trademarks and registrations (including common law variations) containing the term PANDA, used on and in connection with restaurant services, including the following:

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|------|------------|-----------------|---------------------|-------------------|
| PANDA INN | 08/19/1985 | 02/16/1988 | 1477152 | 07/12/1973 |
| PANDA EXPRESS | 08/19/1985 | 12/13/1988 | 1516769 | 10/31/1983 |
| PANDA INN & Design | 12/09/1988 | 09/05/1989 | 1555279 | 07/12/1973 |
|  | 12/09/1988 | 12/22/1992 | 1741866 | 10/31/1983 |
| PANDA PANDA | 12/04/1991 | 08/18/1992 | 1709012 | 04/13/1987 |
| PANDA CAFÉ | 06/18/1992 | 08/31/1993 | 1791085 | 07/10/1992 |
| GREAT PANDA & design | 03/18/1999 | 04/11/2000 | 2340784 | 11/19/1987 |
| PANDA | 11/12/1999 | 10/30/2001 | 2501422 | 07/12/1973 |
| GREAT PANDA | 03/18/1999 | 02/29/2000 | 2324276 | 11/19/1987 |
| PANDA & design | 05/17/1999 | 02/20/2001 | 2430444 | 11/10/1999 |
| PANDA MANIA | 07/27/2000 | 12/25/2001 | 2522086 | 07/12/1973 |
|  | 11/30/2012 | 08/06/2013 | 4379316 | 03/11/2011 |
|  | 10/16/2014 | 08/18/2015 | 4793470 | 07/00/2014 |
| PANDA TEA BAR | 09/18/2014 | 11/03/2015 | 4847467 | 10/03/2014 |
| PANDA EXPRESS & design | 10/13/2014 | 12/22/2015 | 4876079 | 07/02/2014 |
| PANDA EXPRESS & design | 10/13/2014 | 07/19/2016 | 5005155 | 07/02/2014 |
| PANDA EXPRESS & design | 10/13/2014 | 07/19/2016 | 5005166 | 08/11/2014 |

9.     The PANDA registrations identified in Paragraph 9 above are valid and subsisting (jointly referred to as the "Panda Marks").

10.     Since at least as early as July 12, 1973, PANDA has continuously used, advertised, offered for sale, and/or sold, in interstate commerce, PANDA's services under the Panda Marks throughout the United States through various retail locations.

11.     PANDA's actual and intended class of consumers throughout the United States are consumers seeking Chinese cuisine.

12.     PANDA has devoted substantial time, effort and resources in the establishment of the goodwill, consumer recognition and nationwide reputation of the Panda Marks.

13.     PANDA has also expended significant resource to advertise its services under the Panda Marks, through the United States in multiple media, including, but not limited to print advertising, websites, Internet advertisements as well as its official website, http://www.pandaexpress.com.

14.     The Panda Marks are inherently distinctive and famous within the meaning of 15 U.S.C. §1125(c).

15.     PANDA has not abandoned any of the Panda Marks.

## DEFENDANT'S WRONGFUL CONDUCT

16.     In or around early 2017, PANDA was notified that PAC was using the mark PANDA and  in connection with its restaurant services.  On March 30, 2017, PANDA sent a cease and desist letter to PAC informing them of its rights to the PANDA trademarks in connection with restaurant services and demanding that PAC cease any and all such confusing use of the mark.  No response to t letter was received.

17.     On May 2, 2017, PANDA sent a follow-up cease and desist letter to PAC again informing PAC that its actions constitute trademark infringement, trademark dilution and unfair competition and demanded that PAC cease and desist from any further unauthorized use of the Panda Mark.  PAC again chose not to respond to PANDA's letter and instead, continues to use the Panda Marks in connection with its restaurant services.

18.     Even after being informed on multiple occasions that its use of the mark is an infringement of PANDA's rights, PAC has knowingly elected to continue to use the infringing marks.  Moreover, PAC has failed to cease and desist infringing upon PANDA's marks.

19.     PANDA is informed and believes, and on that basis alleges, that Mr. Yang authorized and directed PAC's wrongful acts.

20.     PANDA is informed and believes, and on that basis alleges, that Defendants' continued use of the PANDA and ![PANDA logo] mark in marketing, advertising and on signage is designed to cause confusion, mistake or deception amongst consumers and the industry, and leads to increased business for Defendants based on PANDA's goodwill.

21.     By virtue of its acts and conduct alleged above, Defendants have created injury to PANDA's intellectual property, caused by a likelihood of confusion as to the source of origin and sponsorship of Defendants' services and has otherwise competed unfairly with PANDA. Such likelihood of confusion includes, but is not limited to, confusion of consumers and the general public that Defendants' services, which are advertised using the PANDA and ![PANDA logo] mark, are directly connected with PANDA and its brand.

22.     Defendants' acts and conduct have caused damage and irreparable injury to PANDA in an amount to be determined at trial.  Said acts and conduct will result in further damage and irreparable injury to PANDA if Defendants are not restrained by this Court from further violation of PANDA's rights, for which PANDA has no remedy at law.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement Under The Lanham Act (15 U.S.C. § 1114)

23.     PANDA repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

24.     Defendants had both actual and constructive knowledge of PANDA's ownership and rights in its federally registered marks prior to Defendants' infringing use of those marks.

25.     PANDA is informed and believes and based thereon alleges that Defendants have been advertising, marketing and promoting services using the Panda Marks identified above.  Defendants' use of the Panda Marks in association with Defendants' services is likely to cause confusion, and PANDA is informed and believes and thereon alleges, that such use has

caused consumer confusion as such consumers believe that Defendants' services are commissioned by, sponsored by, or affiliated with PANDA.

26.    Defendants' use of the Panda Marks is without the permission of PANDA. PANDA is informed and believes, and based thereon alleges, that Defendants willfully use the Panda Marks in connection with the sale, offering for sale, promotion and advertising of Defendants' services in a manner likely to cause confusion, or to cause mistake, or to deceive customers that Defendants' services are authorized by, or affiliated with PANDA.

27.    The above-recited acts by Defendants constitute trademark infringement of the Panda Marks to the substantial and irreparable injury of the public and of PANDA's business reputation and goodwill.

28.    PANDA is informed and believes, and based thereon alleges, that as a result of these acts, Defendants have been, and will continue to be, unjustly enriched by the profits that the Defendants have made in connection with the use of the Panda Marks.

29.    Defendants' continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon PANDA. PANDA has no adequate remedy at law.  PANDA is entitled to a permanent injunction enjoining Defendants from engaging in further acts of infringement.

30.    PANDA is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, PANDA has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and PANDA is unjustifiably damaged each and every time Defendants use the Panda Marks to advertise and promote its services, and each time a consumer dines at such restaurant, as such use by Defendants causes confusion as to their affiliation with PANDA through its use of the Panda Marks. PANDA is also entitled to its attorneys' fees and costs of suit herein.

31.    PANDA is informed and believes, and based thereon alleges, that Defendants' acts were in conscious and willful disregard of the Panda Marks and the resulting damage to PANDA is such as to warrant the trebling of damages to provide just compensation.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin Under The Lanham Act (15 U.S.C. § 1125(a))

32.     PANDA repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations in all prior and subsequent paragraphs.

33.     PANDA is informed and believes, and based thereon alleges, that Defendants have used and are using the Panda Marks to advertise, promote and market Defendants' services with the intent of passing off and confusing the public into believing that Defendants' services are sponsored by, endorsed by, or affiliated with PANDA.

34.     Defendants' above recited acts, constitute false designation of origin, false description of fact, false representation, unfair competition and false affiliation, connection or association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as such acts are likely to have deceived and are likely to continue to deceive customers and prospective customers into believing that Defendants' services are from, sponsored by, or affiliated with PANDA.

35.     If not enjoined by the Court, Defendants will continue to market, promote and advertise its services in commerce, which services will be attributed to being sponsored by, endorsed by or affiliated with PANDA.

36.     PANDA is informed and believes, and based thereon alleges, that as a result of these acts, Defendants have been and will continue to be, unjustly enriched by the profits that the Defendants have made in connection with its use of the Panda Marks.

37.     PANDA is informed and believes, and based thereon alleges, that Defendants' continuing infringement has inflicted, and unless restrained by this Court, will continue to inflict great and irreparable harm on PANDA.  PANDA has no adequate remedy at law. PANDA is entitled to a permanent injunction enjoining Defendants from engaging in further acts of infringement.

38.     PANDA is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, PANDA has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and

PANDA is unjustifiably damaged each and every time Defendants use the Panda Marks to promote, advertise or market its services. PANDA is also entitled to its attorneys' fees and costs of suit herein.

39.    PANDA is informed and believes, and based thereon alleges, that Defendants' acts were in conscious and willful disregard of PANDA's rights, and the resulting damage to PANDA is such as to warrant the trebling of damages to provide just compensation.

### THIRD CLAIM FOR RELIEF

### Unfair Competition Under The Lanham Act (15 U.S.C. § 1125(a))

40.    PANDA repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

41.    Defendants' actions in connection with Defendants' services are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendants and PANDA, and constitute unfair competition in violation of the federal Lanham Act.

42.    By reason of Defendants' actions in connection with Defendants' services, PANDA has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendants are enjoined from continuing its wrongful acts.

43.    By reason of Defendants' actions in connection with its use of the Panda Marks, PANDA has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing its wrongful acts.

44.    The conduct of Defendants: (A) it has caused and will continue to cause substantial economic loss to PANDA; (B) it demonstrates an indifference as to the trademark rights of PANDA; (C) it has been repeated and continuous, as PANDA notified Defendants of its rights and Defendants have failed to take action and have continued its infringing use: (D) it has caused and will continue to cause harm to PANDA not by accident, but rather by said intentional malice, trickery and deceit.

45.     PANDA is informed and believes, and thereon alleges, that the aforementioned conduct of the Defendants was intended to cause injury to PANDA or was despicable conduct carried on with a willful and conscious disregard of the trademark rights of PANDA such as to constitute malice, oppression or fraud under the federal Lanham Act, thereby entitling PANDA to punitive damages in an amount appropriate to punish or set an example of the Defendants.

## FOURTH CLAIM FOR RELIEF

### Federal Trademark Dilution Under The Lanham Act (15 U.S.C. § 1125(c))

46.     PANDA repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

47.     The Panda Marks are distinctive and famous marks.

48.     Defendants began using the Panda Marks in connection with the advertising, marketing and promotion of its services, including its restaurants, subsequent to the Panda Marks becoming famous.

49.     Defendants' advertising, marketing, and promotion of Defendants' services and its use of the Panda Marks causes dilution by lessening the capacity of the Panda Marks to identify and distinguish the PANDA services.  Defendants' use of the Panda Marks also causes dilution by tarnishment by harming the reputation of the Panda Marks.

50.     By reason of the acts complained of herein, Defendants have caused the dilution of the distinctive quality of the Panda Marks, lessened the capacity of the Panda Marks to identify and distinguish PANDA services, and tarnished the Panda Marks in violation of 15 U.S.C. §1125(c).

51.     As a result of the acts, Defendants have been, and will continue to be, unjustly enriched by the profits that the Defendants have made in connection with its advertising, promoting and marketing of Defendants' services.

52.     Defendants' continuing infringement has inflicted, and unless restrained by this Court, will continue to inflict great and irreparable harm upon PANDA. PANDA has no adequate remedy at law.  PANDA is entitled to a permanent injunction enjoining Defendants from engaging in further acts of infringement.

53.   PANDA is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' foregoing acts, PANDA has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendants are unjustly enriched and PANDA is unjustifiably damaged each and every time Defendants use the Panda Marks to promote, market, and advertise its services, as this causes confusion as to Defendants' affiliation with PANDA.  PANDA is also entitled to its attorneys' fees and costs of suit herein.

54.   PANDA is informed and believes, and based thereon alleges, that Defendants' acts were in conscious and willful disregard of PANDA's rights in the Panda Marks and the resulting damage to PANDA is such as to warrant the trebling of damages to provide just compensation.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition

55.   PANDA repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

56.   Defendants' actions in connection with Defendants' services are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendants and PANDA, and constitute unfair competition at common law.

57.   By reason of Defendants' actions in connection with Defendants' services, PANDA has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendants are enjoined from continuing its wrongful acts.

58.   By reason of Defendants' actions in connection with its use of the Panda Marks, PANDA has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing its wrongful acts.

59.   The conduct of Defendants is highly reprehensible because, among other things: (A) it has caused and will continue to cause substantial economic loss to PANDA; (B) it

demonstrates an indifference as to the trademark rights of PANDA; (C) it has been repeated and continuous, as PANDA notified Defendants of its rights and Defendants have failed to take action and have continued its infringing use: (D) it has caused and will continue to cause harm to PANDA not by accident, but rather by said intentional malice, trickery and deceit.

60.     PANDA is informed and believes, and thereon alleges, that the aforementioned conduct of the Defendants was intended to cause injury to PANDA or was despicable conduct carried on with a willful and conscious disregard of the trademark rights of PANDA such as to constitute malice, oppression or fraud under the common law of New Jersey, thereby entitling PANDA to punitive damages in an amount appropriate to punish or set an example of the Defendants.

### SIXTH CLAIM FOR RELIEF

### Unfair Competition Under New Jersey Statutory Law (N.J.S.A. § 56:4-1)

61.     PANDA repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

62.     Defendants' actions in connection with Defendants' services are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendants and PANDA, and constitute unfair competition in violation of New Jersey statutory law.

63.     By reason of Defendants' actions in connection with Defendants' services, PANDA has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendants are enjoined from continuing its wrongful acts.

64.     By reason of Defendants' actions in connection with its use of the Panda Marks, PANDA has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing its wrongful acts.

65.     The conduct of Defendants is highly reprehensible because, among other things: (A) it has caused and will continue to cause substantial economic loss to PANDA; (B) it

demonstrates an indifference as to the trademark rights of PANDA; (C) it has been repeated and continuous, as PANDA notified Defendants of its rights and Defendants have failed to take action and have continued its infringing use: (D) it has caused and will continue to cause harm to PANDA not by accident, but rather by said intentional malice, trickery and deceit.

66.     PANDA is informed and believes, and thereon alleges, that the aforementioned conduct of the Defendants was intended to cause injury to PANDA or was despicable conduct carried on with a willful and conscious disregard of the trademark rights of PANDA such as to constitute malice, oppression or fraud under N.J.S.A. § 56:4-1, thereby entitling PANDA to punitive damages in an amount appropriate to punish or set an example of the Defendants.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, PANDA respectfully requests that the Court enter judgment in favor of PANDA and against Defendants as follows:

1.     The Defendants, its affiliates, subsidiaries, officers, directors, employees and attorneys, and all persons and/or entities acting for, with, by, through or in concert with them or any of them be enjoined permanently from:

(a)     Using the Panda Marks and/or any other designation that is a colorable imitation of and/or is confusingly similar to the Panda Marks, in any medium (retail, internet, physical or otherwise) in connection with any food or related products or services neither originating from, sponsored, endorsed nor authorized by PANDA;

(b)     Representing in any manner, or by any method whatsoever, that Defendants are in any way affiliated with PANDA, or that the goods, services or other products and services providing by Defendants are sponsored, approved, authorized by, endorsed by, affiliated with or originate from PANDA, or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

(c)     Infringing, diluting and/or tarnishing the distinctive quality of the Panda Marks;

(d)     Unfairly competing with PANDA in any manner;

2.      That Defendants be required to deliver up to PANDA for destruction any literature, signs, advertising materials, and the like bearing any of the Panda Marks or any confusingly similar variations thereof for products or services neither originating from nor authorized by PANDA.

3.      That Defendants, within thirty (30) days after service of notice of entry of judgment upon them, be required to file with the Court and serve upon PANDA's attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1 and 2 above.

4.      That Defendants be required to account for and pay over to PANDA their profits and cumulative damages sustained by PANDA by reason of Defendants' unlawful acts of trademark infringement, false designation of origin, dilution and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to PANDA.

5.      That the Court order disgorgement and/or restitution of Defendants' profits to PANDA.

6.      That for each violation of the trademark rights of PANDA, Defendants be ordered to pay statutory damages for such violations under each applicable claim for relief, including where there is a finding of willful infringement or other conduct entitling PANDA to an increase in statutory damages.

7.      That PANDA be awarded its reasonable costs and attorneys' fees.

8.      That PANDA be awarded punitive damages.

9.    That PANDA be awarded such other and further relief as the Court may deem equitable.

Dated: November 16, 2017                    RIVKIN RADLER LLP


                                            By: s/ Frank Holahan
                                            Frank Holahan
                                            Nancy A. Del Pizzo
                                            RIVKIN RADLER LLP
                                            25 Main Street, Court Plaza South,
                                            West Wing, Ste. 158
                                            Hackensack, New Jersey 07601
                                            P: (201) 287-2460
                                            F: (201) 489-0495

                                            OF COUNSEL:
                                            Lauren A. Deeb
                                            (*pro hac vice* application forthcoming)
                                            Farah P. Bhatti
                                            (*pro hac vice* application forthcoming)
                                            BUCHALTER
                                            A Professional Corporation
                                            18400 Von Karman Avenue, Suite 800
                                            Irvine, California 92612-0514
                                            P: (949) 670-1121
                                            F: (949) 720-0182

                                            *Attorneys for Plaintiff,*
                                            *Panda Restaurant Group, Inc.*

<u>**JURY DEMAND**</u>

Plaintiff, Panda Restaurant Group, Inc., hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: November 16, 2017                     **RIVKIN RADLER LLP**


By: <u>s/ Frank Holahan</u>
Frank Holahan
Nancy A. Del Pizzo
RIVKIN RADLER LLP
25 Main Street, Court Plaza South,
West Wing, Ste. 158
Hackensack, New Jersey 07601
P: (201) 287-2460
F: (201) 489-0495

OF COUNSEL:
Lauren A. Deeb
(*pro hac vice* application forthcoming)
Farah P. Bhatti
(*pro hac vice* application forthcoming)
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
P: (949) 670-1121
F: (949) 720-0182

*Attorneys for Plaintiff,*
*Panda Restaurant Group, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: November 16, 2017                          RIVKIN RADLER LLP


By: s/ Frank Holahan
Frank Holahan
Nancy A. Del Pizzo
RIVKIN RADLER LLP
25 Main Street, Court Plaza South,
West Wing, Ste. 158
Hackensack, New Jersey 07601
P: (201) 287-2460
F: (201) 489-0495

OF COUNSEL:
Lauren A. Deeb
(*pro hac vice* application forthcoming)
Farah P. Bhatti
(*pro hac vice* application forthcoming)
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
P: (949) 670-1121
F: (949) 720-0182

*Attorneys for Plaintiff,*
*Panda Restaurant Group, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that plaintiff, Panda Restaurant Group, Inc., seeks in excess of $150,000.00, exclusive of interest and costs, and seeks an injunction.

Dated: November 16, 2017     **RIVKIN RADLER LLP**

            By: s/ Frank Holahan
            Frank Holahan
            Nancy A. Del Pizzo
            RIVKIN RADLER LLP
            25 Main Street, Court Plaza South,
            West Wing, Ste. 158
            Hackensack, New Jersey 07601
            P: (201) 287-2460
            F: (201) 489-0495

            OF COUNSEL:
            Lauren A. Deeb
            (*pro hac vice* application forthcoming)
            Farah P. Bhatti
            (*pro hac vice* application forthcoming)
            BUCHALTER
            A Professional Corporation
            18400 Von Karman Avenue, Suite 800
            Irvine, California 92612-0514
            P: (949) 670-1121
            F: (949) 720-0182

            *Attorneys for Plaintiff,*
            *Panda Restaurant Group, Inc.*

3845089 v1