UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANDA RESTAURANT GROUP, INC.,<br><br>                 Plaintiff,<br>v.<br><br>PANDA CHINESE & JAPANESE RESTAURANT, LLC, SAM YANG, individually, and ABC Corps. 1-100, related entities whose names are unknown,<br><br>                 Defendants. | OPINION<br><br>Civ. No. 2:12-cv-11718 (WHW-CLW) |

**Walls, Senior District Judge**

This matter arises out of an alleged trademark infringement by Defendants, a New Jersey Limited Liability Corporation ("PAC") and one of its principals, Mr. Sam Yang ("Yang"). Cmpl. (ECF No. 1) ¶¶ 1;5-15. Plaintiff Panda Restaurant Group ("Panda") brought suit in this Court on November 16, 2017. *Id.* Nearly a year later, Defendants have failed to make an appearance in this action. *See* ECF No. 9-4 at Ex. K. On January 3, 2018, the Clerk of the Court entered default against Defendants for failure to plead or otherwise defend this action. Plaintiff now moves for default judgment against Defendants. ECF No. 9. Decided without oral argument pursuant to Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## STANDARD OF REVIEW

Because the entry of default prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits

1

whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95.

Before granting a default judgment under Fed. R. Civ. P. 55, the Court must determine (1) whether there is sufficient proof of service, *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985); (2) whether a sufficient cause of action was stated, *DIRECTV v. DeCroce*, 332 F. Supp. 2d 715 (D.N.J. 2004), *rev'd on other grounds*, 431 F.3d 162 (3d Cir. 2005).; and (3) whether the factors described in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) are met. As set forth in *Chamberlain*, courts in the Third Circuit consider (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. 210 F.3d at 164. A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well-pleaded facts sufficient to establish a claim. *DeCroce*, 332 F. Supp. 2d at 715. Because a defaulting party does not admit conclusions of law, a court must make an independent inquiry into "whether the unchallenged facts constitute a legitimate cause of action." *Id.* (denying default judgment for failure to state a claim) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).

## JURISDICTION

This Court has original jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## DISCUSSION

### 1. Proof of Service

There is sufficient proof of service. *See* ECF No. 9-4 at Exs. H-J. Plaintiff has even demonstrated a good faith effort to contact Defendants after it was statutorily required to do so in order to move the litigation along. *Id.* at Ex. K.

### 2. Sufficient Cause of Action

A sufficient cause of action has been stated. Plaintiff Panda is a well-known restaurant chain that specializes in Asian cuisine. *See* Del Pizzo Declaration ¶ 5; Cherng Aff. ¶ 2. Panda has a distinctive logo/brand about which it owns numerous federal trademarks and registrations. *See* Mot. Br. (ECF 9-1) at 4-5. Defendants allegedly violated those trademarks by operating restaurants that used both the Panda name and Panda's exact logo. Cmplt. ¶¶ 6; 16-22. Panda adequately alleges violations of The Lanham Act, 15 U.S.C. § 1125, N.J.S.A. § 56:4-1, and common law unfair competition based on Defendants' conduct. Cmplt. ¶¶ 23-66.

    *i.    Lanham Act*

"To prove either form of Lanham Act violation, a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A & H Swimwear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir.2000) (citing *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 437 (3d Cir.2000)). Panda

unquestionably has a valid and legally protectable trademark which it owns. *See* ECF No. 9-4 at Ex. A. Defendants have provided no rationale for their gratuitous plucking of Plaintiff's trademark for their own commercial purposes. *See, e.g.*, ECF No. 9-4 at Exs. P-Q; T. Looking at the remarkable similarity between Panda's trademarks and Defendants' logos and name usages, especially in the same context of Asian cuisine, there is no question that "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 292 (3d Cir.1991) (citation omitted).

   *ii.* *N.J.S.A. § 56:4-1*

"N.J.S.A. 56:4-1 *et seq.* applies specifically to situations involving the wrongful appropriation or misuse of trademarks, names, brands, good-will and the like, as well as false, misleading or deceptive advertisement of products and certain pricing practices." *Columbia Broad. Sys., Inc. v. Melody Recordings, Inc.*, 134 N.J. Super. 368, 375 (App. Div. 1975). "[T]he elements of unfair competition under N.J.S.A. § 56:4–1 and New Jersey common law are the same as those required under the Lanham Act." *G&W Labs., Inc. v. Laser Pharm.*, LLC, No. 3:17-CV-3974-BRM-DEA, 2018 WL 3031943, at *7 (D.N.J. June 19, 2018). Because the Court has found the Lanham Act claims to be valid, the same goes for those under N.J.S.A. § 56:4-1.

   *iii.* *Common Law Unfair Competition*

As discussed, the elements of New Jersey unfair competition common law are the same as those under the Lanham Act. *Id.* Therefore, Plaintiff's common law claims meet the criteria for default judgment.

3. *Chamberlain* **Factors**

The Court must finally determine whether the factors described in *Chamberlain*, 210 F.3d 154, are met. As set forth in *Chamberlain*, courts in the Third Circuit consider (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.* at 164. The Court finds all three factors go in Plaintiff's favor. There is prejudice to Plaintiff if default is denied because Panda could continue to have its trademark impermissibly infringed. Second, any litigable defense Defendants may have—though their behavior is wanton and explicit—they have defaulted through their inaction, and would first need to come before this Court to assert. Finally, Defendants have no excuse for failing to appear in this action and defend themselves despite multiple attempts by Plaintiff and the Clerk of the Court to notify them of the proceedings. They are solely culpable for their lack of a defense.

**CONCLUSION**

The Court grants Plaintiff's motion for default judgment. An accompanying order follows.

DATE: 24 October 2018

William H. Walls
Senior United States District Court Judge